IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM R. JACKSON, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | |
| | ) | CV 326-014 |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| GOVERNORS OFFICE OF GEORGIA; | ) | |
| GEORGIA DEPARTMENT OF LAW; | ) | |
| GEORGIA BOARD OF PARDONS AND | ) | |
| PAROLES; NATIONAL ASSOCIATION | ) | |
| OF EXTRADITION OFFICIALS; and | ) | |
| CORECIVIC, INC., Wheeler Facility, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

---

[1]Although Plaintiff lists Crystal L. Moon as a plaintiff in the caption of his complaint, she did not sign the Complaint, and in fact is identified by Plaintiff Jackson as "a witness or adverse witness."  (Doc. no. 1, p. 5; see also pp. 15, 16 (identifying Crystal Moon as witness).)  Accordingly, the Court **DIRECTS** the **CLERK TO TERMINATE** Ms. Moon as a plaintiff and update the docket in accordance with the above caption.

## I.      BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F.3d at 721-27.

## II.      DISCUSSION

### A.      Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes:  (1) Jackson v. Hunt, et al., 1:09-CV-545-MHS (N.D. Ga. Apr. 3, 2009) (dismissing time-barred case for failure to state a claim); (2) Jackson v. Baker, et al., 1:05-CV-1476-MHS (N.D. Ga. June 21, 2005) (dismissing for failure to state a claim);

and (3) <u>Jackson v. Nix, et al.</u>, 1:04-CV-2413-MHS (N.D. Ga. Oct. 01, 2004) (dismissing for failure to state a claim).  <u>See also</u> <u>Jackson v. Ward</u>, 1:24-cv-2193, doc. nos. 6, 8, 13 (N.D. Ga. May 16, 2024) (collecting cases and denying IFP status based on status as three striker); <u>Jackson v. Chambers</u>, 6:21-cv-036, doc. nos. 6, 8 (S.D. Ga. May 13, 2021) (same). Indeed, Plaintiff concedes he has had a prior case dismissed based on the three strikes rule.  (Doc. no. 1, p. 8.)  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  <u>Mitchell v. Nobles</u>, 873 F.3d 869, 873 (11th Cir. 2017).

**B.      Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  <u>Sutton v. Dist. Att'y's Off.</u>, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004)).  Plaintiff signed his complaint on February 23, 2026, and he complains about his allegedly improper detention and subsequent extradition in 2020, claiming Defendants conspired to kidnap and imprison him.  (Doc. no. 1, pp. 4, 11, 14.)  His allegations regarding legal proceedings which occurred approximately six years ago have nothing to do with serious physical injury, let alone does he show he is in imminent danger of such injury.

In sum, Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger'" of serious physical injury when he filed his complaint in April of 2024.  <u>Daker v.</u>

3

United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown, 387 F.3d at 1349). Without specific allegations that a physical injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 20212) (*per curiam*); Brown, 387 F.3d at 1350; see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating serious physical injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

For the sake of completeness, the Court observes that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Thus, to the extent Plaintiff seeks to challenge the constitutionality of his confinement, a petition for habeas corpus is the proper mechanism by which to do so. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Indeed, Petitioner currently has a habeas corpus petition pending in the Middle District of Georgia. See Jackson v. Sampson, 5:25-cv-086 (M.D. Ga. Mar. 3, 2025).

## III.    CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this

action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 19th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA